**Milton BRATEN, Plaintiff–Appellant,**

v.

**Eliot KAPLAN, Defendant–Appellee.**

No. 09–2911–pr.

United States Court of Appeals, Second Circuit.

Jan. 18, 2011.

Milton Braten, Greenville, SC, pro se.

Stephen D. Straus, Daniel G. Ecker, Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Milton Braten, *pro se,* appeals from the March 15, 2009 judgment of the United States District Court for the Southern District of New York (Baer, *J.*) dismissing his complaint for lack of subject matter jurisdiction, and its June 1, 2009 order denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews the district court's dismissal of a complaint for lack of subject matter jurisdiction *de novo, see Bigio v. Coca–Cola Co.,* 239 F.3d 440, 447 (2d Cir. 2000), and the denial of a motion for reconsideration for abuse of discretion, *see Harris v. Kuhlmann,* 346 F.3d 330, 357 (2d Cir.2003). We review the district court's factual findings regarding domicile— whether there has been a change in residence, and intent of permanence—for clear error. *See Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir.2000). A party seeking diversity jurisdiction bears the burden of establishing that diversity exists. *See Herrick Co. v. SCS Commc'ns, Inc.,* 251 F.3d 315, 322–23 (2d Cir.2001). After having reviewed the appellant's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion.

We have considered Braten's remaining arguments on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**